## HARTING v. HARTING.

(Court of Appeals of District of Columbia. Submitted April 4, 1923. Decided May 7, 1923.)

No. 3908.

1. **Equity ⬅330(1)—Filing of answer waives irregularities in filing supplemental cross-bills.**

An answer filed by the original plaintiff to supplemental cross-bills for divorce waives any informalities in the filing of the supplemental cross-bills.

2. **Equity ⬅332—Answer held to waive informality in second supplemental cross-bill.**

Where defendant in a suit for divorce filed two supplemental cross-bills, the first of which contained only six paragraphs, an answer filed after the filing of the second supplemental cross-bill, which purported

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

specifically to answer the averments of paragraphs 5, 6, and 7, did not refer solely to the first supplemental cross-bill, and therefore waived objection to informality in filing the second bill.

**3. Equity ⬅➡330(1)—Participation in trial without objection waives informality in pleadings.**

Where plaintiff in a suit for divorce interposed no objection to a trial under the pleadings, including a second supplemental cross-bill filed by defendant, but participated therein, cross-examined witnesses for defendant, and introduced evidence in his own behalf, he waived any informalities in the pleading.

Appeal from the Supreme Court of the District of Columbia.

Suit for divorce by George F. Harting against Clara Harting, in which defendant filed a supplemental cross-bill for divorce. From a decree granting absolute divorce to defendant, plaintiff appeals. Affirmed.

Lorenzo A. Bailey, of Washington, D. C., for appellant.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District granting to appellee an absolute divorce from appellant.

On July 7, 1921, the appellant Harting filed a bill praying a divorce from appellee. On July 15th following Mrs. Harting filed an answer and cross-bill, in which she sought a divorce a mansa et thoro. On September 16th following she filed a supplemental cross-bill, alleging that on September 8th preceding her husband had committed adultery with a woman named. The allegations of the former bill were reiterated, and an absolute divorce prayed. On November 8th following a further supplemental cross-bill was filed by the wife, in which there were added specifications of adultery with the same woman. On April 24, 1922, which it will be noted was several months after the filing of the last supplemental cross-bill, appellant filed an "answer of plaintiff to supplemental cross-petition."

The case came on for trial, and the evidence tended to substantiate the averments of appellee's cross-bills. Appellant and the corespondent both testified in denial of the charges. No objection or exception was interposed by either party; appellant contenting himself with a notation of appeal from the decree.

The contention now is made that the supplemental cross-bills were filed without leave of court, and without service of process upon appellant, and that, "if the hearing was upon either of them, such hearing was inadvertent, irregular, and erroneous."

[1, 2] It is unnecessary to discuss this contention, for two reasons: The first is that the answer filed by appellant clearly constituted a waiver of any informalities in the filing of the supplemental cross-bills. While it now is contended that this answer referred solely to the first supplemental cross-bill, the presumption is against appellant. Moreover, the answer purports to answer specifically the averments of paragraphs 5, 6, and 7, while there were but six paragraphs in the first supplemental cross-bill, and seven paragraphs in the second.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[3] The second reason is even more potent. Appellant interposed no objection to a trial under the pleadings, but participated therein, cross-examined witnesses for appellee, and introduced evidence in his own behalf. In such a situation, he waived any informalities in the pleadings; and had it been necessary to do so, the court would have been justified in directing that the pleadings be reformed to conform to the case made. Fox v. Patterson, 43 App. D. C. 484.

As to the contention that the evidence did not warrant the decree, we need observe only that in our view it fully measured up to the rule laid down by this court. Krous v. Krous, 41 App. D. C. 200; McKitrick v. McKitrick, 261 Fed. 451, 49 App. D. C. 109.

The decree is affirmed, with costs.

Affirmed.